O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Civil Case No.: SACV08-0842 DOC                                    Date: August 28, 2008
    (Sentence Imposed Under Criminal No.:  SACR02-331 DOC)

Title: LEIGH- DAVIS GLASS v. TERESER A. BANKS, etc., et al.

---

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                            Date:_____ Deputy Clerk: _____

---

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                    Not Present
  Courtroom Clerk                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                       NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER DISMISSING PETITIONS

    Before the Court are four Petitions, (SACV07-0236 DOC; SACV 07-1314 DOC; SACV08-0842 DOC and SACV08-0566 DOC), seeking Habeas relief for Petitioner, Leigh-Davis Glass. In each Petition, she raises substantially identical arguments for why she should be immediately released. In essence, petitioner contends that she has been illegally detained by this Court.

    Ms. Glass' claims are frivolous and do not warrant proceeding *in forma pauperis*, or any further response for the government. Instead, for the reasons that follow, the Court hereby DENIES Petitioner's Motions to Proceed *In Forma Pauperis* and DISMISSES her Petitions pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

    Glass was indicted on November 13, 2002 and arraigned on December 2, 2002. The parties thereafter stipulated to continue Glass' trial. The Court held her in summary contempt on December 1, 2003, based on her misrepresentations concerning a vehicle purchase, among other things.

On January 12, 2004, Glass was arraigned on a Second Superceding Indictment. She was permitted to represent herself *pro se* on March 8, 2004. On March 23, 2004, John W. Barton was appointed as Glass' stand-by counsel.

The Ninth Circuit reversed the Court's summary contempt order on April 22, 2004.

On August 4, 2004, the Government filed the operative Fourth Superceding Indictment. Glass was arraigned on August 16, 2004. Due to a conflict with Glass, Barton was relieved as stand-by counsel and ultimately replaced by G. David Haigh on September 14, 2004.

Glass went to trial on October 5, 2004. She reserved an opening statement and presented no defense. The Court deemed her refusal to participate as her resting. The jury convicted her on all counts. After two days of hearings, on March 23, 2005, the Court sentenced Glass to 78 months.

Throughout trial and afterward, Glass has engaged in a campaign of abusing the judicial process in a futile attempt to avoid her conviction and confinement. These Habeas Petitions, with no discernable, valid legal or factual basis, misfiled and procedurally improper, are her last efforts to this end.

Glass has also directly appealed to the Ninth Circuit, and her appeal remains pending.

She filed her Petitions seeking Habeas relief in multiple districts raising essentially the same 21 claims. The Court briefly addresses each claim.

1. **Claim 1**: Glass claims she was denied counsel during her presentence investigation and at sentencing and denied a valid presentence investigation in violation of her Fifth and Sixth Amendment rights. Indeed, Glass asked to proceed in *pro se* and was allowed to do so after a hearing. Glass did receive a presentence investigation, but refused to participate and demanded to be represented during an interview. These proceedings, again based on Glass' decision not to participate in this matter, did not violate the Constitution.

2. **Claim 2**: Glass claims her Sixth Amendment rights were violated because she was denied compulsory process. She states no specific facts to support the claim that she was denied the use of compulsory process. Indeed, Glass declined to participate in her trial at all.

3. **Claim 3**: Glass claims that the Court lacked jurisdiction over her case. Her arguments are baseless. For instance, her claim that the Court lost jurisdiction based on her interlocutory appeal of the Court's denial of her eleventh hour double jeopardy motion is belied by the law she cites. *United States v. LaMere*, 951 F.2d 1106 (9th Cir. 1991) stands for the proposition that an appeal of the district court's denial of a frivolous double jeopardy motion does not divest the district court of jurisdiction. She cites no authority for her other "theories" of why the Court

      lacked jurisdiction.

4. **Claim 4**: Glass claims that the Court violated her Right to a Speedy Trial pursuant to 18 U.S.C. § 3161, *et seq*. Instead, Glass stipulated to extension of time for her trail. Further, much of the complained of delay was excludable time under 18 U.S.C. § 3161(h).

5. **Claim 5**: Glass claims her Sixth Amendment rights were violated because she was unable to confront Government witnesses. She was "unable" to confront these witnesses because she chose not to participate in the proceeding.

6. **Claim 6**: Glass claims that her conduct did not amount to a criminal offense and, thus, her conviction violates the Fifth and Sixth Amendments. 18 U.S.C. § 1623 does not require an oath, but can be satisfied by a declaration, certificate, verification, or statement under penalty of perjury. Glass was convicted under 18 U.S.C. § 152 for making false statements in a bankruptcy proceeding. A false statement was properly alleged and proved. Glass' conduct alleged in the indictment is sufficient to support a charge of bank fraud under 18 U.S.C. § 1344. The Government pursued the same factual and legal theories at trial.

7. **Claim 7**: Glass claims there was insufficient evidence to convict, that the conviction was based on an improper standard of proof, and that the jury was instructed to find her "in default." This claim is unsupported by the facts alleged or the facts known to the Court. Ms. Glass refused to participate. The Court took this as her choosing to rest. She was not convicted on the theory of "default." She was convicted by a properly instructed jury because the Government submitted sufficient evidence to prove the charges beyond a reasonable doubt, and Glass presented no defense.

8. **Claim 8**: Glass claims she was denied a public trial in violation of the Sixth Amendment. Even if the Court did hold administrative proceedings after the courthouse was closed, none of Glass' trial was conducted at such time. Nor do scheduling changes result in a closed proceeding. Further, Ms. Glass' failure to appear at her own trial does not render the trial closed. In addition, facts found by the Ninth Circuit in reversing the Court's summary contempt order do not show any impropriety in the trial. Finally, the Court did not engage in improper communications with counsel. Indeed, Ms. Glass simply chose not to participate in her trial.

9. **Claim 9**: Glass claims that she was denied the right to counsel and not notified of her right to appeal. Glass was not denied counsel, she terminated counsel, and chose to proceed on her own. Further, the claim that Glass was not notified of her right to appeal, even if true, does not warrant relief. Glass has an appeal pending.

10. **Claim 10**: Glass claims that the Court failed to consider the factors in 18 U.S.C. § 3553(a) when sentencing her. Glass has no factual allegations to support this conclusion. Indeed, the facts

show that the Court did consider the sentencing factors and properly sentenced at the high end of the guideline range is no basis for Habeas relief.

11. **Claim 11**: Glass claims that a change in law prevents the Bureau of Prisons ("BOP") from automatically limiting release to a halfway house. Ms. Glass has failed to state any facts to show that BOP is "automatically" limiting the halfway house to the last six months of her sentence, or to show that she has personal knowledge of what the Bureau of Prisons considered.

12. **Claim 12**: Glass claims that she was denied access to experts and "necessities of her defense." This is not the case. Instead, Glass chose not to participate in her case.

13. **Claim 13**: Glass claims that she is denied equal protection because, as a non drug-user, she is not allowed to take part in the 500-hour drug treatment program. This claim is absurd. If there were ever a rational basis to support a classification, limiting drug treatment to drug users is it. Further, Glass does not state that she has exhausted her administrative remedies in this regard.

14. **Claim 14**: Glass claims that Victorville Federal Prison Camp has a pattern and practice of violating laws, court orders, and policy statements in violation of the Eighth Amendment. While the Court might be concerned by the facilities failure to comply with law or court orders, Glass has not alleged that she exhausted the facility's administrative remedies.

15. **Claim 15**: Glass claims that she has not been given credit for time served. Requiring Glass to wear an ankle bracelet as a condition of bail was not "punitive" and did not constitute part of her sentence. Inmates are not entitled to credit for pretrial services visits or court appearances. She received adequate credit for her arraignment.

16. **Claim 16**: Glass claims that she was denied an impartial jury guaranteed by the Sixth Amendment for a number of reasons. These claims rely on false, unsupportable statements, such as "the venue was improperly changed to Santa Ana, where no Blacks would be in the jury pool," and that the Clerk "intentionally avoided calling males, latinos, asians, or other 'ethnic' surnames." The fact that a juror potentially knew a witness, does not warrant Habeas relief, nor does the conclusory allegation that the jury was prejudiced by seeing Glass' ankle bracelet. Neither the Court, nor the Marshals "tampered" with the jury. Finally, the jury was properly instructed.

17. **Claim 17**: Glass claims that her Fourth and Fifth Amendment rights were violated through a number of incidents including her arrest and questioning by the Court, the seizure of her vehicle, her victim handing documents over to the Government, that her house was broken into, etc. None of these claims warrant Habeas relief. Further, the Court's summary contempt order, reversed by the Ninth Circuit, is not at issue in the present petition.

18. **Claim 18**: Glass claims that she was denied due process because she was not given exculpatory evidence, the government used "tainted and false evidence" and she was "barred from presenting her defense." Glass was not denied *Brady* evidence. Instead, her claim is based on her own speculation and unsupported allegations. Nor has she alleged facts that would show that the Government presented false evidence, aside from her own finger-pointing. She does not identify with any specificity, the circumstances of her receiving evidence from the Government, or why the Court's "erroneous exclusions of evidence" were erroneous. The facts clearly show that Glass refused to participate in the trial.

19. **Claim 19**: Glass claims the Court was biased. The Court was not biased against Glass. Indeed, this issue was resolved on her motion for recusal. Rather, the Court merely refuses to countenance Glass' continued abuse of the judicial process.

20. **Claim 20**: Glass claims that she was given a "disparate and cruel and unusual sentence" in violation of the Fifth and Eight Amendment. After refusing to participate in her trial or the development of her Pre-sentence Report, Glass was sentenced to the maximum sentence within the guideline range. The Court appropriately sentenced Glass after considering the sentencing guidelines.

21. **Claim 21**: Finally, Glass claims that "the cumulative effect of all the claims, [*sic*] was a sham/circus trial, which was inherently unconstitutional." This is not a basis for Habeas relief.

In addition to each of her claims being frivolous, Glass' motion is precluded by her failure to exhaust her administrative remedies and the pending direct appeal.

Accordingly, Glass' Motions to File *In Forma Pauperis* are DENIED and her Petitions for Writ of Habeas Corpus are hereby DISMISSED as frivolous. She may refile her claims regarding the conditions at the Victorville facility and her health problems after she has exhausted her administrative remedies and can establish that she has some medical need that is not being met.

The Clerk shall serve this minute order on all parties to the action.